UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In the Matter of

ANN MICHELE WEST,

                             Debtor.
--------------------------------------------------------X
KENNETH KIRSCHENBAUM, as Trustee
of the Estate of Ann Michele West,

                   Plaintiff,

    -against-

BLAIR WEST,

                  Defendant.
--------------------------------------------------------X

Chapter 7

Case No. 817-71075-reg

COMPLAINT

Adv Pro No.:

      Plaintiff, Kenneth Kirschenbaum, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the estate (the "Estate") of Ann Michele West (the "Debtor"), by his attorneys, Kirschenbaum & Kirschenbaum, P.C., as and for his complaint against defendant Blair West (the "Defendant") alleges as follows:

**THE PARTIES**

      1. Plaintiff is the duly appointed, qualified, and acting Trustee of the Debtor's Estate and is authorized to commence this action under 11 U.S.C. §323 and Rule 6009 of the Federal Rules of Bankruptcy Procedure.

      2. At the time of the filing of the Debtor's bankruptcy petition (the "Petition"), and at all times hereinafter mentioned, Defendant was and continues to be the husband of the Debtor and a co-owner, together with the Debtor, as tenants by the entirety, of the real property commonly known as 40 Herrick Road, Southampton, New York 11968 (the "Property").

## BACKGROUND, JURISDICTION AND VENUE

3. The Debtor filed a voluntary petition for relief (the "Petition") pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on February 25, 2017 under case number 817-71075-reg (the "Bankruptcy Proceeding").

4. The Bankruptcy Proceeding was converted from a case pursuant to Chapter 11 of the Bankruptcy Code to a case pursuant to Chapter 7 of the Bankruptcy Code on April 10, 2018.

5. Upon the conversion to Chapter 7, Kenneth Kirschenbaum was appointed Trustee, in which capacity he continues to serve.

6. This adversary proceeding arises under 11 U.S.C. §§ 105, 323, 363, and 541 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and arises in and under the Chapter 7 case of the Debtor on the docket of this Court.

7. Plaintiff is seeking an Order: (a) pursuant to 11 U.S.C. §§363(h) authorizing the Trustee to sell both the Estate's and the Defendant's respective interests in the Property free and clear of Defendant's interest in the Property; (b) pursuant to 11 U.S.C. § 363(j) determining the respective distributive interests of the Estate and the Defendant in and to the proceeds from the sale of the Property; and (c) granting such other and further relief as this Court deems just and proper.

8. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. § 157.

9. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),(N) and (O).

10. This court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

11. At the time of the filing of the Petition, the Debtor and the Defendant co-owned the

Property as tenants by the entirety.

12.  Upon the filing of the Debtor's Petition, the Debtor's interest in the Property vested in the Trustee in accordance with 11 U.S.C. §541(a).

13.  Upon information and belief, the fair market value of the Property is in excess of $6,000,000.00.

14.  Upon information and belief, there is a first mortgage encumbering the Property.

15.  Upon information and belief, as of the date of the filing of the Petition, the total amount necessary to satisfy the first mortgage was $4,478,607.25.

16.  Upon information and belief, there is a second mortgage encumbering the Property.

17.  Upon information and belief, as of the date of the filing of the Petition, the total amount necessary to satisfy the second mortgage  was $470,156.01.

18.  Upon information and belief, the first and second mortgages are the only liens against the Property.

19.  According to the Debtor's Schedule C, the Debtor claimed a homestead exemption pursuant to New York C.P.L.R. Section 5206 in an amount equal to 100% of fair market value up to any applicable statutory limit, which is currently $165,550.00.

20.  Upon information and belief, the Property, if sold in its entirety, has a fair market value sufficient to satisfy all liens, claims or other interests encumbering the Property, the Debtor's claimed homestead exemption, all administrative fees and expenses, and all claims scheduled by the Debtor.

**AS AND FOR A FIRST CLAIM FOR RELIEF BY THE TRUSTEE SEEKING
AUTHORIZATION PURSUANT TO 11 U.S.C. §§ 363(h) TO SELL THE ESTATE'S AND
THE CO-OWNER'S INTEREST IN THE PROPERTY FREE AND CLEAR OF THE
NON-DEBTOR CO-OWNER'S INTEREST IN THE PROPERTY, AND A
DETERMINATION OF THE DEFENDANT'S DISTRIBUTIVE INTEREST IN AND TO
THE PROCEEDS OF SALE OF THE PROPERTY**
**(Incorporating all previous allegations)**

21.   Plaintiff may obtain authorization from the Court to sell the Property free and clear of

the interest of the Defendant pursuant to 11 U.S.C. § 363(h) and a determination of the Defendant's

distributive interest in the sale proceeds pursuant to 11 U.S.C. § 363(j).

22.   Upon information and belief, the price at which the Property will be sold will be greater

than the aggregate value of all liens, claims or other interests against the Property.

23.   Upon information and belief, the Debtor and the Defendant reside in the one-family

home situated on the Property.

24.   Upon information and belief, there is no other residence on the Property.

25.   Partition in kind of the Property among the Estate and the co-owner is impracticable

because it is comprised of a one family dwelling, and the sale of the Estate's interest alone would

realize significantly less than a sale free and clear of the Defendant's interest.

26.   Upon information and belief, a sale of the Estate's undivided entirety interest in the

Property would realize significantly less for the Estate than a sale of the Property free of Defendant's

interest in the Property.

27.   The benefit to the Estate of a sale of the Property free and clear of Defendant's interest

outweighs the detriment, if any, to Defendant.

28.   Defendant will not be unduly prejudiced by a sale free and clear of his interest in the

Property because he will receive the cash equivalent of his distributive interest from the proceeds

of sale of the Property in accordance with 11 U.S.C. § 363(j).

29. The liquidation of the Property will produce a substantial benefit to the Estate's creditors.

30. Upon information and belief, the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

31. In view of the foregoing, the Trustee is entitled to a judgment against the Defendant in accordance with §§363(h) and (j) of the Bankruptcy Code: (a) authorizing the Trustee to sell the Property free and clear of Defendant's interest therein; and (b) determining the Defendant's distributive interest in and to the proceeds from a sale of the Property by the Trustee.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) on the first claim for relief, authorizing the Trustee, pursuant to 11 U.S.C. § 363(h), to sell the Property free and clear of Defendant's interest therein; and (b) determining the Defendant's distributive interest in and to the proceeds from a sale of the Property by the Trustee; and

(b) granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
June 19, 2018

KIRSCHENBAUM & KIRSCHENBAUM, P.C.
Attorneys for the Plaintiff

By: _Steven B. Sheinwald_

Steven B. Sheinwald
200 Garden City Plaza
Garden City, New York 11530
(516) 747-6700